# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32757**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Nysha D.G. JACKSON**
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 9 August 2024

————————————

*Military Judge*: Julie L. Pitvorec (pretrial); Bradley J. Palmer.

*Sentence*: Sentence adjudged 13 June 2023 by SpCM convened at Minot Air Force Base, North Dakota. Sentence entered by military judge on 20 July 2023: Bad-conduct discharge, confinement for 120 days, reduction to E-1, and a reprimand.

*For Appellant*: Lieutenant Colonel Jarett Merk, USAF; Captain Michael J. Bruzik, USAF.

*For Appellee*: Lieutenant Colonel J. Pete Ferrell, USAF; Lieutenant Colonel G. Matt Osborn, USAF; Major Brittany M. Speirs, USAF; Mary Ellen Payne, Esquire.

Before ANNEXSTAD, MASON, and KEARLEY, *Appellate Military Judges*.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

PER CURIAM:

A military judge sitting as a special court-martial convicted Appellant, in accordance with her pleas and pursuant to a plea agreement, of one specification of conspiracy to wrongfully distribute a controlled substance on divers

occasions in violation of Article 81, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 881; and one specification of wrongful possession on divers occasions of a controlled substance with the intent to distribute said controlled substance, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a.[1,2] The military judge sentenced Appellant to a bad-conduct discharge, confinement for 120 days, reduction to the grade of E-1, and a reprimand. On 10 July 2023, the convening authority took no action on the findings or sentence. On the same day, the convening authority denied Appellant's request to defer the portion of the sentence reducing her to the grade of E-1, denied Appellant's request to waive automatic forfeitures for a period of four months, and denied Appellant's request to suspend the automatic forfeitures and reduction in rank for four months.

Appellant raises one issue on appeal which we reworded: whether the misapplication of 18 U.S.C. § 922 to Appellant unconstitutionally deprived her of her right to bear arms based on her conviction of a nonviolent offense at a special court-martial.

After carefully considering this issue and for the reasons explained in *United States v. Vanzant*, __ M.J. __, No. ACM 22004, 2024 CCA LEXIS 215, at *24 (A.F. Ct. Crim. App. 28 May 2024), and *United States v. Lepore,* 81 M.J. 759, 763 (A.F. Ct. Crim. App. 2021) (en banc), we find Appellant is not entitled to relief.

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d).[3]

---

[1] All references to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] Pursuant to the plea agreement, the convening authority withdrew and dismissed with prejudice one specification of making a false statement and one specification of wrongfully using marijuana in violation of Articles 107 and 112a, UCMJ, 10 U.S.C. §§ 907, 912a.

[3] During our review, we note that the entry of judgment contains a typographical error on page 3, in the paragraph concerning suspensions. In the paragraph it states: "forfeitures for a period for months." It should state: "forfeitures for a period of four months." Appellant has not raised any issue with the entry of judgment, nor claimed any prejudice. We find no material prejudice to a substantial right of Appellant.

Accordingly, the findings and sentence are **AFFIRMED**.



FOR THE COURT

CAROL K. JOYCE
Clerk of the Court